UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTEA COOPER, CDCR #BT-9633,<br><br>         Plaintiff,<br><br>vs.<br><br>Dr. NICHOLAS,<br><br>         Defendant. | Case No.: 24-cv-01585-WQH-SBC<br><br>**ORDER DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**[ECF No. 8]** |

HAYES, Judge:

  Before the Court is an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Dantea Cooper, a prisoner at Calipatria State Prison ("CAL"), who is proceeding in forma pauperis ("IFP") and without counsel. (ECF No. 8.) Plaintiff's original complaint alleged Dr. Nicholas, a doctor at the San Diego County Jail ("SDCJ"), failed to provide him adequate medical care during his pretrial detention in February 2023, but because he failed to allege facts sufficient to state a plausible claim for relief, his complaint was dismissed with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (*See* ECF No. 7.) For the reasons explained, Plaintiff still fails to state a claim; therefore, the Court also **DISMISSES** his amended complaint with leave to amend.

## I. PROCEDURAL BACKGROUND

In his original complaint, Plaintiff alleged he complained to unidentified SDCJ nurses about "flexing chest pain." (ECF No. 1 at 3.) Met with "dismissive reactions from medical staff," Plaintiff, who alleged to be diabetic at the time, claimed he also reported dizziness and "made it clear that the pain only happen[ed]" when he was "eat[ing] carbs," and "mainly … at night." (*Id.*)[1] After what Plaintiff described as an "unreasonable delay," Dr. Nicholas "performed an EKG with alleged normal results." (*Id.*) Plaintiff also alleged an infection was discovered below his armpit during the EKG, so a nurse drained the wound, and he was prescribed antibiotics. Plaintiff nevertheless claimed Dr. Nicholas merely "reacted as if [he] were dealing with a paper cut," and concluded there was "no cause for alarm." (*Id.*) When Plaintiff arrived at CAL in June 2023, however, he claimed to have discovered his February 2023 symptoms were signs of a potentially mild heart attack. (*Id.*) While he did not further allege to have actually suffered a heart attack, his complaint sought to hold Dr. Nicholas liable for failing to conduct more "in depth test[s]," x-rays, an MRI, or to prescribe a blood thinner. (*Id.* at 6.) In a separate declaration, Plaintiff also faulted Dr. Nicholas for suggesting insulin therapy to treat his diabetes, which he refused. (ECF No. 6 at 1.)

In its November 18, 2024 screening Order, this Court dismissed Plaintiff's allegations against Dr. Nicholas as insufficient to plausibly support a viable claim of objective deliberate indifference. (*See* ECF No. 7 at 6–9, citing *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).) Specifically, the Court found "nothing in Plaintiff's description of Dr. Nicholas's February 2023 response to his complaints of chest pain nor in the treatment of his infection to plausibly suggest Nicholas made any intentional decisions that put Plaintiff at 'substantial risk of suffering serious harm' while

---

[1] In support of his original pleading, Plaintiff attached and submitted several exhibits comprised of what appeared to be excerpts of both his SDCJ and CAL medical records. (*See* ECF No. 1-2 at 11–13; ECF Nos. 4, 5.) The Court considered these exhibits to be part of his pleading when screening his complaint. (*See* ECF No. 7 at 5 n.2, citing Fed. R. Civ. P. 10(c).)

he was in pretrial custody." (*Id.* at 7, citing *Gordon*, 888 F.3d at 1125.) The Court concluded the same with respect to Dr. Nicholas's "offer[]" to prescribe Plaintiff "insulin as a treatment [for] diabetes." (*Id.* at 8.) Finally, the Court noted Plaintiff's own exhibits contradicted his allegations of inadequate medical care, for they showed he was treated no fewer than eleven times for various complaints and ailments while he remained in custody at the SDCJ. (*See* ECF No. 7 at 8–9, citing ECF No. 1 at 4; ECF No. 1-2 at 11–13.) Plaintiff was clearly and plainly notified of all these pleading deficiencies, referred to the relevant legal authority supporting the Court's analysis, and provided an opportunity to fix his pleading problems in an amended complaint. (*Id.* at 7–9.) Plaintiff was also cautioned that his amended complaint "must be complete by itself without reference to his original pleading." (*Id.* at 10, citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").)

Plaintiff has since filed a document which is entitled as his "First Amended Complaint," but it too fails to allege any plausible claim for relief against Dr. Nicholas. (ECF No. 8).[2] In fact, as discussed below, Plaintiff's current pleading fails to function as an amended complaint at all, and instead is comprised of argument as to why Plaintiff believes the Court has "misinterpret[ed] [his] complaint," took "various elements … completely out of context," and incorrectly concluded that Dr. Nicholas should not be held accountable for a "potentially fatal situation." (*Id.* at 1–5.)

/ / /

/ / /

---

[2] Plaintiff has also filed a declaration in support of his purported amended complaint, but this document also fails to include any factual allegations related to Dr. Nicholas's course of treatment while Plaintiff remained in his care. (ECF No. 9.) Instead, Plaintiff's declaration seeks to explain that his "heart symptoms have all but disappeared since [he] adopt[ed] a ketogenic/carnivoric [sic] diet," he is now "non-diabetic," and why he remains skeptical of pharmaceutical companies, "drug empires," and "greedy" "psychopath[ic] doctors" who will "stop at nothing to accumulate vast and unfathomable wealth." (*Id.* at 1–2.)

## II. SCREENING

### A. Standard of Review

Because Plaintiff remains a prisoner and is proceeding IFP, his purported amended complaint, like his original, requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) together require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. A complaint fails to state a claim if it lacks a "cognizable legal theory" or "sufficient facts ... to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, while the court "ha[s] an obligation where the petitioner is pro se,

particularly in civil rights cases, to construe the pleadings liberally and to afford [him] the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), it "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (citations omitted).

### B.  Discussion

The Court finds Plaintiff's amended complaint fails to comply with Rule 8 and still fails to state a plausible claim for relief against Dr. Nicholas. Therefore, it too must be dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Iqbal*, 556 U.S. at 677–78.

Every complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, ... (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). Unlike his original complaint, which was filed pursuant to 42 U.S.C. § 1983, named Dr. Nicholas as a defendant, and invoked his constitutional right to adequate medical care while in pretrial detention, *see* ECF No. 1 at 1, 3, Plaintiff's current pleading (ECF No. 8), while captioned as a "First Amended Complaint" is not a complaint at all. It fails to identify any defendant, *see* Fed. R. Civ. P. 10(a) ("[T]he title of the complaint must name all the parties"), fails to allege federal subject matter jurisdiction under § 1983, *see Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not ... infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged."), fails to contain "factual content that allows the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged" in it, and fails to contain any claim for relief whatsoever. *Iqbal*, 556 U.S. at 678.

While Rule 8 does not require detailed factual allegations, at a minimum, Plaintiff's amended complaint must contain some factual content sufficient to provide "fair notice" of both the claim being asserted and the legal "grounds upon which [the claim] rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted). "Something labeled a complaint but written more as a press release, prolix in evidentiary

detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

Here, Plaintiff's amended complaint argues the Court was "incorrect" to dismiss his original complaint because in his view, it adequately alleged Dr. Nicholas was "deliberate[ly] indifferent" because he "should [have] known" the "flexing heart pain" reported to unidentified SDCJ nurses were "blocked arteries" or "clear symptoms of a heart attack." (*See* ECF No. 8 at 3, 6.) However, Plaintiff makes "no attempt ... to match up the specific factual allegations [with any] specific legal claim[]." *McHenry*, 84 F.3d at 1177. Moreover, he cannot amend by merely incorporating previously-named defendants or prior factual allegations into his amended pleading by reference. *See* S.D. Cal. CivLR 15.1.a ("Every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading."); *Hal Roach Studios*, 896 F.2d at 1546 (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."). This approach leaves the "defendant[] and th[e] court ... literally guessing as to what facts support the legal claims being asserted[.]" *McHenry*, 84 F.3d at 1177. Instead, Plaintiff must re-name the parties he intends to sue, and contain within his amended pleading "sufficient factual matter, accepted as true, to 'state a [§ 1983] claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

As currently presented, Plaintiff's amended complaint not only fails to address the specific pleading deficiencies required to meet the objective deliberate indifference standards required to plausibly allege an inadequate medical care claim as identified, explained, and applied in the Court's comprehensive initial screening Order, *see* ECF No. 7 at 6–9 (citing *Gordon*, 888 F.3d at 1125), it also fails to set forth, clearly and concisely, *any* factual allegations or context sufficient to provide notice of "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry,* 84 F.3d at 1177–78; *see also Exmundo v. Kane,* 553 F. App'x 742, 743 (9th Cir. 2014) (affirming

district court dismissal of § 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions"). "[I]t is not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008) (citation omitted); *see also Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of pro se complaint "contain[ing] a confusing array of vague and undeveloped allegations," and which "did not allege sufficient facts or jurisdictional basis for any federal claim for relief").

### C. Leave to Amend

While Plaintiff has already had one opportunity to address the pleading deficiencies identified in the Court's November 18, 2024 Order, the Court **GRANTS** him one final chance to amend in light of his pro se status. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. CONCLUSION

For the reasons discussed, the Court **DISMISSES** Plaintiff's Amended Complaint (ECF No. 8) for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file a Second Amended Complaint which cures the deficiencies of pleading noted in both this and the Court's November 18, 2024 Orders (ECF No. 7). Plaintiff is again cautioned that his Second Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios*, 896 F.2d at 1546; *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file a Second Amended Complaint within 45 days, however, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: May 27, 2025

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court